```
        IN THE UNITED STATES DISTRICT COURT FOR THE
               EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division

UNITED STATES OF AMERICA,    )
                             )
                             )
         v.                  )   1:13cr222 (JCC)
                             )
  KENIA Y. VERGES, et al.,   )
                             )
         Defendants.         )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on the Government's Motion in Limine to Preclude Reference to Defendant Verges's Infant Child, [Dkt. 43], and Motion in Limine to Permit Government Witnesses, [Dkt. 44]. Also before the Court is Defendant Alicia Rivera's Motion to Exclude the Government's Drug Expert, [Dkt. 53]. For the reasons set forth below, the Court will grant in part and deny in part the Government's motions in limine, and deny Defendant Rivera's motion to exclude.

## I. Background

Defendants in this case, Alicia Rivera ("Rivera") and Kenia Verges ("Verges"), have been charged with one count of conspiracy to import narcotics. (Superseding Indictment [Dkt. 15] at 1.) The Government alleges that Defendants acted as

couriers to smuggle heroin from Guatemala.  With regard to the conspiracy, the indictment specifically provides:

> 3.   One of the ways co-conspirators in Guatemala supplied heroin to co-conspirators in the United States was through the use of human couriers.  In order to avoid the detection of law enforcement, members of the conspiracy hid the heroin within, among other items, seemingly innocent packing for foodstuffs, which couriers smuggled in their luggage. . . .  Couriers arrived at various airports within the United States, to include Washington Dulles International Airport, located within the Eastern District of Virginia . . . .
>
> 4.   Members of the conspiracy recruited people to be couriers by promising to pay them several thousand dollars in U.S. currency.  Couriers tended to be Spanish-speaking citizens of the United States who resided in and around the metropolitan area of Providence, Rhode Island.
>
> 5.   Members of the conspiracy made the travel arrangements on behalf of the couriers and also paid the expenses associated with their travel to and from Guatemala.  While in Guatemala, couriers stayed on properties owned or controlled by a leader of the conspiracy who resides in Guatemala and whose identity is known to the Grand Jury as ("Co-Conspirator A"). . . .
>
> 6.   After a courier arrived back in the United States, members of the conspiracy met with them and took possession of the heroin.  Typically these meetings took place at hotels and motels in the vicinity of the airport where the courier landed.  Because couriers often arrived at airports far from where they lived, members of the conspiracy would also drive couriers home.  Couriers were paid several thousand dollars in U.S.

> currency for successfully smuggling the heroin.
>
> 7. Once heroin was successfully imported into the United States, members of the conspiracy distributed the heroin to other co-conspirators, who in turn sold the heroin for profit within the United States.
>
> 8. Members of the conspiracy played different roles, took upon themselves different tasks, and participated in the affairs of the conspiracy through various criminal acts. They made themselves and their services available to each other at various times, and participated in certain ventures on an "as needed" basis.
>
> 9. Members of the conspiracy used cellular telephones to communicate with each other to facilitate their unlawful drug activities. In doing so, they used various methods to avoid the detection of law enforcement, including communicating on pre-paid cellular telephones not associated with their real names, and changing telephones and/or telephone numbers they used.

(Superseding Indictment at 2-3.)

In preparation for trial, the Government has filed the instant motions in limine. First, the Government asks the Court to preclude any reference to Verges's infant child. (Mot. in Limine to Preclude Reference to Child at 2.) According to the Government, "it is irrelevant and unnecessary to the disposition of this case to permit such evidence or inference and that it would be highly prejudicial . . . because jurors are likely to sympathize with defendant Verges[.]" (*Id.*)

3

In its second motion, the Government asks the Court to allow testimony from members of the conspiracy who do not have personal knowledge of Defendants' involvement. (Mot. in Limine to Allow Witnesses at 1.) The Government submits that these individuals will testify "to the existence, scope, manner, means, and mode of operation of the conspiracy, as well as the connection of the conspiracy to the Eastern District of Virginia, which will all be relevant and probative of the defendants' participation in the conspiracy." (*Id.* at 2.)

On February 7, 2014, Rivera and Verges filed their respective oppositions. [Dkts. 51, 52, 56.] Rivera also filed a Motion to Exclude the Government's Drug Expert, claiming that the Government failed to disclose his opinions in accordance with Federal Rule of Criminal Procedure 16(a). (Mot. to Exclude Gov't Expert [Dkt. 53] at 1-2.)

The above referenced motions are now before the Court.

## II. Standard of Review

The Federal Rules of Evidence do not specifically provide for motions in limine; however, their use has evolved under the federal courts' inherent authority to manage trials. *See Luce v. United States,* 469 U.S. 38, 41 n.4 (1984). The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the

4

issues the jury will consider.  *See United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999) ("The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court . . . all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures-including motions *in limine*-in order to narrow the issues remaining for trial and to minimize disruptions at trial.").  The decision to grant or deny a motion in limine is within the district court's discretion.  *See Barker v. State Farm Auto. Mut. Ins. Co.*, No. 2:07-cv-00966, 2009 WL 1010547, at *4 (S.D. W. Va. Apr. 15, 2009).  Such motions serve important gatekeeping functions by allowing the trial judge to eliminate from consideration evidence that should not be presented to the jury.  *See Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

### III. Analysis

A.  <u>Motion in Limine to Preclude Reference to Child</u>

The Government first asks the Court to exclude any reference to Verges's infant child on grounds that such evidence is irrelevant and prejudicial.  *See Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003) ("The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the . . . relevance of certain forecasted evidence.").

5

A motion in limine to exclude evidence, such as that presented here, should be granted only when the evidence is clearly inadmissible on all potential grounds. "This principle applies because 'a court is almost always better situated during the actual trial to assess the value and utility of evidence.'" *Silicon Knights, Inc. v. Epic Games, Inc.,* No. 5:07-CV-275-D, 2011 WL 5439156, at *1 (E.D.N.C. Nov. 8, 2011) (citations omitted). Thus, a court considering such a motion may reserve judgment until trial so that the disputed evidence is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.,* 937 F. Supp. 276, 287 (S.D.N.Y. 1996); *see also Luce,* 469 U.S. at 41 (noting that courts are "handicapped in any effort to rule on subtle evidentiary questions outside a factual context").

Though it is difficult to foresee how evidence regarding Verges's child is relevant to the case at hand, the Court is hesitant to grant the Government's request. As the Sixth Circuit has stated, "[o]rders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence when they arise." *Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir. 1975). This guidance rings true here. It is impossible to conclude that all evidence regarding Verges's child is irrelevant without knowledge of the

6

specific content or purpose for which it will be put forth. Accordingly, the Court will reserve judgment on this motion until trial when there is an appropriate factual context. *See Hawthorne Partners v. AT & T Techs., Inc.,* 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that evidence should be excluded in limine "only when evidence is clearly inadmissible on all potential grounds . . . [and] [u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial").

> B.  Motion in Limine Regarding Co-Conspirators

Next, the Government requests an order permitting testimony from several co-conspirators who were engaged in the conspiracy but do not have personal knowledge of Defendants' involvement.  (Mot. in Limine to Allow Witnesses at 1.)  The Government maintains their testimony will be relevant to show, among other things, the general operations of the conspiracy and its connection to the Eastern District of Virginia.  (*Id.* at 2.)

Defendants dispute this request, noting that the Government "has not provided any proof in their motion that [these] witnesses are in any way connected to or members of the same conspiracy alleged in the indictment."  (Rivera's Opp'n at 1.)  Thus, Defendants conclude, "[a]bsent any evidence that the witnesses the government intends to call have some concrete connection to the conspiracy charged in the instant indictment[,] the court should deny the government's motion to

7

permit this testimony." (*Id.* at 2.) Defendant Verges separately argues that this testimony would be unduly cumulative of the Government's remaining evidence. (Verges's Opp'n (as paginated by CM/ECF) at 2.) As explained below, the Court will grant the Government's motion.

The co-conspirator testimony proffered by the Government is plainly relevant to a multitude of issues in this case, including the conspiracy's connection to this district. *See United States v. Byers*, 649 F.3d 197, 208 (4th Cir. 2011) ("[E]vidence, to be relevant, 'need only to have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" (citation omitted)); *see also United States v. Sampler*, 368 F. App'x 362, 366 (4th Cir. 2010) ("[A] defendant need not know about the participation or even existence of co-conspirators so long as the government proves 'the essential nature of the plan' and the defendant's connection to it." (citation omitted)). Therefore, absent some competing exclusionary principle, their testimony is admissible. *See United States v. Sutherland*, Nos. 1:00CR00052, 1:00CR00093, 2001 WL 420376, at *1 (W.D. Va. Feb. 8, 2001) ("Relevant evidence is admissible unless it is excluded for some other purpose authorized by the Federal Rules of Evidence.").

Defendants' argument that the Government's motion is deficient because it lacks specific evidence tying the alleged co-conspirators to the charged conspiracy is unpersuasive. *See United States v. Petrini*, No. 3:10CR170-18-HEH, 2010 WL 3396804, at *1 (E.D. Va. Aug. 20, 2010) ("As the Fourth Circuit pointed out in *United States v. Blevins, . . .* 'we allow a trial court to conditionally admit co-conspirators' statements subject to the subsequent satisfaction of the requirements for their admission.'" (citation omitted)). Likewise, Defendant Verges's contention that their testimony would be unduly cumulative is premature. *See Coe v. Perzanowski*, 5:04CV8, 2004 WL 6033978, at *3 (N.D. W. Va. Dec. 20, 2004) (rejecting, as premature, the defendant's pre-trial argument that a witness's testimony would be impermissibly cumulative). Without knowing the substance of the Government's case, the Court cannot determine whether the proffered testimony will be so cumulative as to amount to a waste of time. If the Government attempts to present unduly cumulative evidence at trial, the Court may limit the testimony at that time. *See United States v. Brown*, No. 2:12-CR-224, 2014 WL 183077, at *4 (W.D. Pa. Jan. 14, 2014).

Accordingly, the Court will allow the Government to call the identified co-conspirators. Their testimony, however, is conditional upon the Government presenting sufficient evidence to permit admittance, including proof that they were in

9

involved in the conspiracy charged in the indictment.  Any further objections to their testimony will be addressed at trial.

    C.    <u>Motion in Limine to Exclude Drug Expert</u>

Finally, Defendant Rivera seeks to exclude the Government's proposed drug expert, Detective David Cutting. (Mot. to Exclude Gov't Expert at 1-2.)  Rivera maintains that the Government's expert disclosure is insufficient because it "fail[s] to provide any of Detective Cutting's opinions[;] instead it has provided topics that he intends to discuss and provide his opinions of."  (*Id.* at 2.)

On February 4, 2014, the Government provided notice that it intends to call Detective Cutting as a narcotics expert. (Notice of Experts [Dkt. 46] at 1.)  The Government's disclosure claims that Detective Cutting will offer testimony regarding "the methods and means utilized to import and distribute heroin into the United States and elsewhere," the "tools and techniques used in by drug traffickers in Northern Virginia," and "typical retail and wholesale prices of heroin."  (*Id.* at 3.)  The Government's disclosure further provides that this testimony is based upon Detective Cutting's "education, training, and experience in the positions he has held with the Alexandria Police Department and the Drug Enforcement Administration[.]" (*Id.*)

It is well settled that "government officers may, depending on the facts, be qualified as experts on how drug organizations work and similar data." *United States v. Rosa-Carino*, 615 F.3d 75, 80 (1st Cir. 2010); *see also United States v. Sanchez-Galvez,* 33 F.3d 829, 832 (7th Cir. 1994) ("[B]ecause the clandestine nature of narcotics trafficking is likely to be outside the knowledge of the average layman, law enforcement officers may testify as experts in order to assist the jury in understanding these transactions."); *United States v. Young,* 745 F.2d 733, 761 (2d Cir. 1984) (finding no error in admitting expert testimony as to the operation of heroin mills). When relying on such expert testimony, however, the Government must provide sufficient notice in accordance with Federal Rule of Criminal Procedure 16(a). *See United States v. Yevakpor*, 419 F. Supp. 2d 242, 252-53 (N.D.N.Y. 2006). This rule provides, in pertinent part:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Fed. R. Crim. P. 16(a)(1)(G).

As evident from the language above, Defendant is correct that Rule 16 requires more than just a summary of the topics an expert witness may address. *See, e.g., United States v. Edwards*, 887 F. Supp. 2d 63, 69-70 (D.D.C. 2012). The rule specifically requires the Government to "describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G). Defendant, however, is incorrect in his assertion that the Government's disclosure is insufficient in this case.

It is apparent from the Government's notice that Detective Cutting plans to testify about several topics generally, rather than provide opinions specific to the facts of this case. (Notice of Experts at 2-3.) In such circumstances, the disclosure need only contain the general information currently enumerated in the Government's notice. *See Edwards*, 887 F. Supp. 2d at 69; *Yevakpor*, 419 F. Supp. 2d at 243, 252-53. In any event, even if the initial disclosure was in some way deficient, the Government has since filed an addendum containing further details about Detective Cutting's proposed testimony. (Notice of Experts Addendum [Dkt. 57] at 2-4.) The Court finds this addendum more than sufficient to satisfy the requirements of Rule 16(a). *See United States v. Jackson,* 51 F.3d 646, 650-52 (7th Cir. 1995); *see also United States v. King*, 703 F. Supp. 2d 1063, 1077 (D. Haw. 2010) (finding the government had

satisfied its Rule 16 obligations after considering additional materials submitted in response to the defendant's motion in limine); *United States v. Ferguson*, No. 3:06CR137 (CFD), 2007 WL 4539646, at *1 (D. Conn. Dec. 14, 2007) ("As the Advisory Committee notes to [Rule 16] explain, the disclosure requirement is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." (citation omitted)).

## IV. Conclusion

For the reasons set forth above, the Court will deny the Government's Motion in Limine to Preclude Reference to Defendant Verges's Infant Child, grant the Government's Motion in Limine to Permit Government Witnesses, and deny Defendant Rivera's Motion to Exclude the Government's Drug Expert.  An appropriate order will issue.

|  |  |
|---|---|
| February 12, 2014<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |